**UNITED STATES of America**

v.

**Eddy PERALTA a/k/a Andres German.**

**Crim. No. PN–89–0195.**

United States District Court,
D. Maryland.

Aug. 2, 1990.

Breckinridge L. Willcox, U.S. Atty. and Katharine J. Armentrout, Asst. U.S. Atty., D. Md., for the U.S.

Richard C. Bittner, Baltimore, Md., for defendant.

OPINION

NIEMEYER, District Judge.

Eddy Peralta pleaded guilty to two counts of an indictment which charge him with conspiracy to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 846 and use of a handgun during a drug felony in violation of 18 U.S.C. § 924(c).

The drug conspiracy count carries with it a mandatory minimum sentence of five years incarceration and the gun count requires the imposition of a five-year sentence consecutive to the sentence imposed on the drug count.

Because of substantial assistance provided by the defendant to the government and pursuant to the plea agreement between him and the government, the government has filed a motion for a downward departure below the mandatory minimum sentence on the drug conspiracy count. See 18 U.S.C. § 3553(e); U.S.S.G. § 5K1.1. The defendant has requested a further downward departure because of extraordinary family circumstances and his emotional state. The defendant urges the Court to depart downward because the defendant's wife and two small children were murdered while he was incarcerated pending sentencing. He argues that he has been unable to complete "the grieving process due to his confinement" and that that inability is the "primary obstacle to [his] rehabilitation" and should properly be reflected in the sentence. The government takes no position on the merits of that request.

There is a serious question whether the grounds for departure urged by the defendant can be considered. See U.S.S.G. §§ 5H1.3 and 5H1.6. Moreover, it does not appear that the circumstances of his personal tragedy were in any way connected with the offense or are relative to a sentence. The murders did not occur before the offense in this case and therefore played no role in its commission. While committed after the offense, they did not result from the offense, directly or indirectly. No showing has been made that the impact on the defendant of this tragedy would be mitigated by reducing an otherwise substantial period of incarceration. The defendant suggests that had he not been incarcerated, he could have been with his family and the murders might not have occurred. The presentence investigation report, however, suggests that he spent very little time at home. Finally, there is a substantial question whether rehabilitation is properly a factor to be considered in determining the length of incarceration.

See 18 U.S.C. §§ 3553(a) and 3582(a) ("imprisonment is not an appropriate means of promoting correction or rehabilitation"). *See also* 28 U.S.C. § 994(t) (rehabilitation alone cannot be the basis for reducing a sentence under 18 U.S.C. § 3582(c)).

■ Before considering any of these issues, however, the Court must determine whether it has the authority to do so. Because the drug offense to which the defendant has pleaded guilty imposes a mandatory minimum sentence, the question arises whether the Court has power to consider any factor other than the substantial assistance of the defendant in determining whether to depart downward and by how much. In other words, when the government moves to depart downward from a mandatory minimum sentence because of substantial assistance, does the motion open the door for the Court to consider other grounds for departure? The Court rules that it does not.

■ The Court is empowered to sentence only within the range between the maximum and minimum sentences specified by statute for an offense. When a minimum is fixed by statute, any exception must likewise be given by statute. In this case authority to depart below the statutory minimum is derived only to the extent specified in 18 U.S.C. § 3553. That section provides:

(e) *Limited authority to impose a sentence below a statutory minimum.—* Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

The guidelines implementing this section are contained at U.S.S.G. § 5K1.1 relating to substantial assistance given by a defendant to authorities. That guideline pro-

vides that when the government moves to depart downward by reason of substantial assistance, the court shall determine the appropriate reduction, considering factors that include, but are not limited to:

(1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

(2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

(3) the nature and extent of the defendant's assistance;

(4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;

(5) the timeliness of the defendant's assistance.

A note to U.S.S.G. § 5K1.1 addresses specifically the circumstances when departing from mandatory minimum sentences imposed by statute:

Under circumstances set forth in 18 U.S.C. § 3553(e) and 28 U.S.C. § 994(n), as amended, substantial assistance in the investigation or prosecution of another person who has committed an offense may justify a sentence below a statutorily required minimum sentence.

Acknowledging that a departure from a mandatory minimum sentence is authorized only on motion of the government for substantial assistance, the defendant contends that once the government makes the motion, it thereby opens the door to permit the Court to consider any sentence justified by the Sentencing Guidelines and that any factors, including factors other than substantial assistance, may be considered for additional departure. In support of his argument, the defendant points to the last sentence of 18 U.S.C. § 3553(e) which provides: "Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code." He argues that since departures for other grounds are permitted by the Sentencing Guidelines, these other grounds are specifically authorized by the statute referred to.

The government contends that U.S.S.G. § 5K1.1 is the Sentencing Commission's response to the last sentence of 18 U.S.C. § 3553(e) and provides the guidance for downward departures under that section. It argues that the Court is entitled to consider only factors relating to the substantial assistance of the defendant as specified in § 5K1.1 or "other *relevant* factors." They say this intent is confirmed by the background note to § 5K1.1 where the Sentencing Commission states:

The nature, extent, and significance of assistance can involve a broad spectrum of conduct that must be evaluated by the court on an individual basis. Latitude is, therefore, afforded the sentencing judge to reduce a sentence based upon variable *relevant* factors, including those listed above. (Emphasis supplied.)

The government notes that the term "relevant" as used in that explanation refers to factors that bear upon the downward departure provided under 5K1.1, i.e. for substantial assistance.

In reaching the conclusion that the Court has no authority to consider factors other than those relevant to substantial assistance, the Court relies on the language of 18 U.S.C. § 3553(e). Not only is that section entitled as the "limited authority" to impose a sentence below a statutory minimum, but the text also states that explicitly. It provides in part, "the court shall have the authority to impose a sentence below a level established by statute as minimum sentence *so as to reflect a defendant's substantial assistance....*" 18 U.S.C. § 3553(e) (emphasis added). No other exception is made. It would be a total obliteration of its *limited* authority if the Court were to misconstrue § 3553(e) to include any other ground allowed by the Sentencing Guidelines in cases where no minimum is prescribed by statute. The last sentence of § 3553(e) does not enlarge the authority to depart downward. On the contrary, it restricts the authority to the guidelines and policy statements issued by the Sentencing Commission under that sec-

1200

tion. Since the Sentencing Guidelines are but regulations that implement the statutory authority, the Sentencing Commission would have no authority to go beyond the exception made in § 3553(e). Indeed, the Commission in adopting guidelines to implement this particular section has not gone beyond the statute but has listed five factors to consider along with any other factor *relevant* to the sole exception permitted by statute.

 While the Court's ruling in this case precludes consideration of factors other than those relating to substantial assistance of the defendant in departing below the statutory minimum, it is clear that once the government makes a motion for a downward departure under a mandatory minimum pursuant to 18 U.S.C. § 3553(e), the Court can make its own judgment as to the amount of the departure so that the departure is reasonably related to the assistance provided by the defendant. *See United States v. Wilson*, 896 F.2d 856, 859 (4th Cir.1990). *See also United States v. Pippin*, 903 F.2d 1478, 1485 (11th Cir.1990) (government can only make the motion for departure, it cannot control or limit the departure). If a departure as determined by the Court is greater than the government thinks appropriate, the government is always entitled to appeal the departure as unreasonable. In other words, once the government moves for a downward departure from a mandatory minimum sentence because of the defendant's substantial assistance, the Court can make and should make its own judgment as to the appropriate value of that cooperation, be it greater than or less than that recommended by the government. But this scope of discretion to evaluate the value of substantial assistance does not include the right to consider unrelated grounds for a departure such as, in this case, the alleged extraordinary family circumstances or emotional state of the defendant.

Accordingly, in connection with the sentence that will be imposed on Mr. Peralta in this case, the Court will not consider the grounds advanced by him for a downward departure. Moreover, as noted above, it would appear that even if the Court had the authority to consider the grounds advanced by the defendant, they would not establish an acceptable basis for a downward departure.