937 F.2d 604
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eddy PERALTA, a/k/a Andres German, Defendant-Appellant.
 No. 90-5839.
 United States Court of Appeals, Fourth Circuit.
 Argued May 10, 1991.
Decided July 3, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Paul V. Niemeyer, District Judge. (CR-89-195)
 Richard C. Bittner, Baltimore, Md., for appellant.
 Katharine Jacobs Armentrout, Assistant United States Attorney, Baltimore, Md. (Argued), for appellee; Breckinridge L. Willcox, United States Attorney, Baltimore, Md., on brief.
 D.Md., 741 F.Supp. 1197.
 AFFIRMED.
 Before ERVIN, Chief Judge, CHAPMAN, Senior Circuit Judge, and CLAUDE M. HILTON, United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant Eddy Peralta, an illegal alien from the Dominican Republic, entered a plea of guilty to one count of conspiracy to distribute cocaine in violation of 18 U.S.C. Sec. 846 and one count of use of a handgun during a drug felony in violation of 18 U.S.C. Sec. 924(c). Both counts carry five year mandatory minimum sentences to be served consecutively. At sentencing, the government filed a motion pursuant to 18 U.S.C. Sec. 3553(a) and U.S. Sentencing Guidelines Sec. 5K1.1 asking for a downward departure from the mandatory minimum sentences to reflect the appellant's substantial assistance to law enforcement authorities. Peralta then asked the court for an additional downward departure because of the tragic murder of his wife and two small children while he was incarcerated and awaiting sentence. The circumstances of these murders were not related in any way to appellant's criminal activities. The wife and children have been buried in the Dominican Republic and appellant claims that until he can go to the Dominican Republic and properly mourn his loss, he cannot be rehabilitated. He claims that the tragedy is a primary obstacle to his rehabilitation and should be considered as an additional factor, along with his cooperation, in determining the extent of the downward departure.
 
 
 2
 The district court granted a downward departure on the conspiracy count of 19 months. This resulted in a sentence of 41 months rather than 60 months. The court did not grant a downward departure as to the handgun count. Therefore, appellant received a total reduced sentence of 101 months rather than the statutory mandatory minimum of 120 months.
 
 
 3
 The district court filed and published its written order, United States v. Peralta, 741 F.Supp. 1197 (D.Md.1990), in which it held that the government's motion for a downward departure from the mandatory minimum sentence because of substantial assistance provided by the defendant did not authorize the court to consider factors other than those relevant to substantial assistance in departing downward. The district court also held that even if it had the authority to consider the grounds advanced by the appellant, such grounds would not establish an acceptable basis for an additional downward departure.
 
 
 4
 Peralta now appeals and argues that when the government makes a motion for a downward departure because of a defendant's substantial assistance, such motion opens the door for the sentencing court to consider factors other than substantial assistance in arriving at the final sentence.
 
 
 5
 A motion for a downward departure under Sec. 5K1.1 is committed to the discretion of the district court, and we review the resulting sentence under an abuse of discretion standard. In the present case, the district court found that it did not have authority to consider factors other than substantial assistance, but that if it did have such authority, appellant's additional grounds did not establish an acceptable basis for further downward departure. In this alternate holding, the district court did not abuse its discretion, and the appellant's sentences are
 
 
 6
 AFFIRMED.